F I L E D
Clerk
District Court
AUG 20 2025
for the Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ALEXIS FALLON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ESTATE OF ROBERT J. BRACKEN, ESTATE OF VICTORINO IGITOL, and TANO GROUP, INC.,<br><br>　　　　Defendants. | Case No. 1:25-cv-00005<br><br>**DECISION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITHOUT PREJUDICE, AND PLAINTIFF LEAVE TO AMEND** |

I.

Before the Court are Defendants Estate of Robert J. Bracken and Estate of Victorino Igitol's separate Motions to Dismiss Plaintiff Alexis Fallon's Verified Complaint (ECF No. 1) for lack of subject matter jurisdiction. ("Mots.," ECF Nos. 4-5.) Each Motion is supported by a Memorandum of Law. (ECF Nos. 4-1, 5-1.)

Plaintiff Fallon requested and the Court granted her motion for an extension of time to file an opposition to Defendants' Motions to Dismiss. (Order, ECF No. 8.) In her Response to both Motions ("Response," ECF No. 9), Fallon through her counsel Steven Pixley states, "Plaintiff does not contest dismissal of the complaint without prejudice for lack of subject matter jurisdiction." (*Id.* at 2.) Fallon informs the Court that she seeks leave to amend her complaint to

allege subject matter jurisdiction based on diversity of citizenship. (*Id.* at 2-3.) Based on these filings, the Court finds that oral argument is unnecessary, and the motions are taken on the briefs. LR 7.1(a)(2).

II.

Fallon asserted in her Verified Complaint that the Court had "subject matter jurisdiction under 9 U.S.C. § 4 of the Federal Arbitration Act (FAA) because Plaintiff seeks to enforce a written agreement to arbitrate. . . ." (Verified Compl. ¶ 2.) In Fallon's Response, she concedes that the Federal Arbitration Act alone does not confer subject matter jurisdiction for the enforcement of an agreement to arbitrate, and therefore, does not oppose Defendants' Motions to Dismiss. (Response 2.) On the Court's own review of her Verified Complaint, Fallon does not allege sufficient facts to establish the Court has subject matter jurisdiction on the basis of diversity jurisdiction. (*See* Verified Compl.); *Rainero v. Archon Corp.*, 844 F.3d 832, 840 (9th Cir. 2016) ("The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction.")

For these reasons, the Court GRANTS Defendants' Motions to Dismiss WITHOUT PREJUDICE and WITH LEAVE for Fallon to amend her complaint by filing her Petition to Compel Arbitration Pursuant to § 4 of the Federal Arbitration Act within fourteen days of the Court issuing this order.

III.

Four days after her Response was filed, Fallon filed a pro se Motion for Leave to Amend. (ECF No. 10.) She attached a Petition to Compel Arbitration Pursuant to § 4 of the Federal Arbitration Act (ECF No. 10-1), a memorandum in support of her motion to compel (ECF No. 10-2), a declaration from herself (ECF No. 10-3), and a proposed order granting her Petition to

Compel Arbitration (ECF No. 10-4). She further filed a master list of exhibits and attached those exhibits. (*See* ECF No. 11). The same day, Fallon also filed a Motion to Shorten Time (ECF No. 12) seeking an order shortening time for Defendants to file their opposition to her "First Amended Complaint ('Petition to Compel Arbitration')" and requested a hearing on her petition to compel arbitration to be set on September 4, 2025, the same day the pending motions to dismiss have been set for a hearing. (*Id.* at 1-2.) Today, she filed a Motion to Supplement the Record. (ECF No. 14.) Having granted Defendants' Motions to Dismiss the operative pleading before the Court, Fallon's Motion for Leave to Amend (ECF No. 10), Motion to Shorten Time (ECF No. 12), and Motion to Supplement the Record (ECF No. 14) are DENIED as MOOT.

IT IS SO ORDERED this 20th day of August 2025.

RAMONA V. MANGLONA
Chief Judge