FILED
Clerk
District Court

DEC 05 2025

for the Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

ALEXIS FALLON,

      Plaintiff,

  v.

ESTATE OF ROBERT J. BRACKEN,
ESTATE OF VICTORINO IGITOL, and
TANO GROUP, INC.,

      Defendants.

Case No. 1:25-cv-00005

MEMORANDUM DECISION
ALLOWING JURISDICTIONAL
DISCOVERY, AND DENYING MOTION
FOR LIMITED PRO SE
REPRESENTATION

This matter came before the Court on a hearing on Defendant Estate of Robert J. Bracken's Motion to Allow Jurisdictional Discovery (ECF No. 18), filed on September 4, 2025, and joined by Defendant Estate of Victorino Igitol (ECF No. 19). Plaintiff Alexis Fallon appeared remotely while her counsel of record appeared in person alongside counsel for the two Estate Defendants. The Court orally granted the Motion to Allow Jurisdictional Discovery and further ordered that Plaintiff would not be permitted to proceed *pro se* through jurisdictional discovery and subsequent proceedings so long as she still had counsel of record. (Mins., ECF No. 32.) The Court issues this order to memorialize its reasoning and address the outstanding motions.

## I.     MOTION TO ALLOW JURISDICTIONAL DISCOVERY

As to the Motion to Allow Jurisdictional Discovery, Defendants contend that authorizing jurisdictional discovery is appropriate because there exists a genuine factual dispute as to Plaintiff Fallon's true domicile. (Mem. in Supp. of Def.'s Mot. to Allow Jurisdictional Disc., ECF No. 18-1;

1    *see also* Decl. of Michael W. Dotts in Supp. of Mot. to Allow Jurisdictional Disc., ECF No. 18-2.)

2    Defendants accordingly propose to depose Plaintiff Fallon and subpoena documents concerning

3    her tax returns, voting registration, vehicle licenses and insurance, business and financial records,

4    and other evidence of residence in both Massachusetts and the Commonwealth of the Northern

5    Mariana Islands ("CNMI"). (Mem. in Supp. of Def.'s Mot. to Allow Jurisdictional Disc.) Plaintiff

6    did not timely file any response specific to the Motion to Allow Jurisdictional Discovery;[1]

7    however, Plaintiff's subsequent filings contain exhibits that appear to be an attempt to show

8    conclusively that she is a citizen of Massachusetts. (*See* Mot. for Leave to Suppl. the Record, ECF

9    No. 22 (Oct. 1, 2025); Mot. for Leave to Am. Pl.'s 3d Am. Compl: Pet. to Compel Arb., ECF No.

10   26 (Oct. 6, 2025); 3d Am. Compl: Pet. to Compel Arb. Pursuant to Section 4 of the Fed. Arb. Act,

11   ECF No. 27 (Oct. 6, 2025).)

12   "Federal courts are courts of limited jurisdiction. They possess only that power authorized

13   by the Constitution and statute . . . . It is to be presumed that a cause lies outside of this limited

14   jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."

15   *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). 28 U.S.C.

16   § 1332 provides that federal district courts "shall have original jurisdiction" over civil actions in

17   which "the matter in controversy exceeds the sum or value of $75,000" and "is between . . . citizens

18   of different States[.]" 28 U.S.C. § 1332(a)(1). Such original jurisdiction only extends to cases

19   where "diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and

20   no defendant who are citizens of the same State." *Wis. Dep't of Corrections v. Schacht*, 524 U.S.

21

22

_____

23   [1] Plaintiff's failure to file any specific, timely opposition to the Motion is a ground unto itself for granting the Motion. *See* LR 7.1(c)(2) ("The opposing party must file an opposition (or statement of non-opposition) to a motion no later than fourteen (14) days after the motion is served. . . . Failure to timely file an opposition may be deemed an admission that the motion is meritorious.").

24

2

381, 388 (1998). As to the definition of "citizen" for the purposes of determining the existence of

diversity jurisdiction under 28 U.S.C. § 1332, the Ninth Circuit has explained:

> To be a citizen of a state, a natural person must first be a citizen of the United States. The natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state.

*Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *see also Lew v. Moss*, 797 F.2d

747, 749-50 (9th Cir. 1986) (discussing principles underlying inquiry into domicile and factors for

consideration).

Where a challenge to subject-matter jurisdiction "contests the truth of the plaintiff's factual

allegations,[2] . . . the plaintiff must support her jurisdictional allegations with 'competent proof[.]'

. . . [I]f the existence of jurisdiction turns on disputed factual issues, the district court may resolve

those factual disputes itself." *Leite v. Crane Co.*, 749 F.3d 1117, 1121-22 (9th Cir. 2014) (quoting

*Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010)). "Discovery should ordinarily be granted where

'pertinent facts bearing on the question of jurisdiction are controverted or where a more

satisfactory showing of the facts is necessary.'" *Butcher's Union Local No. 498, United Food &*

*Com. Workers v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986) (quoting *Data Disc, Inc. v. Sys.*

*Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 n.1 (9th Cir. 1977)); *see also Laub v. U.S. Dep't of Interior*,

342 F.3d 1080, 1093 (9th Cir. 2003) ("Although a refusal to grant discovery to establish discovery

is not an abuse of discretion when 'it is clear that further discovery would not demonstrate facts

sufficient to constitute a basis for jurisdiction,' discovery should be granted when . . . the

---

[2] Defendants essentially are implying a factual attack to the Court's subject-matter jurisdiction. *Leite*, 749 F.3d at 1121. Defendants, however, have yet to file a new motion to dismiss for lack of subject-matter jurisdiction.

1    jurisdictional facts are contested or more facts are needed." (quoting *Wells Fargo & Co. v. Wells*

2    *Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977))).

3        Here, the Motion is accompanied by a declaration by counsel for Defendant Estate of

4    Bracken alongside exhibits showing that Plaintiff modified her voting registration after she filed

5    her original Verified Complaint, listed a Saipan address in completing forms and mandatory reports

6    as the registered agent, resident agent, and officer of Tano Group, Inc., and is a longtime legal

7    practitioner in the CNMI. (Decl. of Michael W. Dotts.) Defendants further note that Plaintiff

8    Fallon's own filings fail to provide enough information to conclusively establish a Massachusetts

9    domicile. (Mem. in Supp. of Def.'s Mot. to Allow Jurisdictional Disc. 5 (emphasizing that Plaintiff

10   Fallon's Massachusetts utility bill, bank statement, and lease submitted alongside her Second

11   Amended Complaint "are highly redacted, and questionable").) Defendants have accordingly

12   raised a genuine dispute of fact concerning the existence of jurisdiction needing further

13   development of the record before any final resolution by the Court. *See also Lew*, 797 F.2d at 750

14   (listing list of factors for consideration and noting that "domicile is evaluated in terms of objective

15   facts, and that statements of intent are entitled to little weight when in conflict with facts" (internal

16   quotation marks omitted)). Therefore, the Court GRANTS the Motion to Allow Jurisdictional

17   Discovery (ECF No. 18), subject to the Court's Order Granting Motion Seeking Approval of

18   Stipulation (ECF No. 35) and the following conditions:

19      (1) Jurisdictional discovery is limited to the materials set forth in pages 6 to 8 of the

20           Memorandum in Support of Defendant's Motion to Allow Jurisdictional Discovery (ECF

21           No. 18-1), including a deposition of Plaintiff.

22      (2) Plaintiff is permitted to propound discovery requests.

23

24

(3) A response to a request for production of documents are due within thirty days of the date the request is propounded.

(4) Jurisdictional discovery will close on January 16, 2026.

## II.    PROCEEDING *PRO SE* WHILE REPRESENTED BY COUNSEL

As recounted at the hearing, Plaintiff has made filings in this case in her own right either as a *pro se* party (*see* Verified Compl. ¶ 5, ECF No. 1) or as "Co-Counsel for Plaintiff" (*see, e.g.*, 2d Am. Compl, 10 (signature block)), all the while also retaining Attorney Steven P. Pixley, Esq., as counsel of record (*see* Pl.'s Resp. to Mot. to Dismiss 3, ECF No. 9; Mot. for Limited Pro Se Representation 2, ECF No. 30).  The Court will not permit Plaintiff to proceed further in this manner.  First, Plaintiff's filings on her own after Mr. Pixley's entry of appearance on her behalf, without prior leave of court, violates Local Rule 83.4, governing appearances before the Court:

> Unless the Court orders otherwise, a party who has appeared through counsel in a proceeding may not thereafter appear or act in his or her own behalf in the proceeding unless the Court first enters an order of substitution after notice to the party's attorney and to all other parties. . . .

LR 83.4(a)(2); *see also id.* 83.4(c) (governing form and requirements for substitutions of counsel). *Accord, e.g.*, *O'Reilly v. N.Y. Times Co.*, 692 F.2d 863, 868 (2d Cir. 1982) ("Thus, a party seeking to assert [her] statutory right of self-representation must clearly and unequivocally discharge any lawyer previously retained."); *Barton v. Rian Grp. Inc.*, No. 3:23-cv-05452-DGE, 2023 WL 4546328, at *1 (W.D. Wash. July 14, 2023) (citing both local rule and cases in denying request for hybrid representation); *cf., e.g.*, *United States v. Hoang Ai Le*, Nos. 2:99-cr-433 WBS & 2:16-cv-1090 WBS AC, 2016 WL 9447193, at *2 (E.D. Cal. July 26, 2016) ("By filing substantive pleadings pro se, defendant has engaged in hybrid representation without prior authorization. Consideration of pro se motions in this case, in light of the important but narrow legal issues presented and the procedural complexity of the case, would defeat the purpose of appointment of

counsel and unduly burden the court."), *report and recommendation adopted*, 2016 WL 9447194 (E.D. Cal. Sept. 12, 2016).

Second, permitting Plaintiff to continue to submit filings, make legal representations, and put forward legal arguments while retaining counsel raises serious ethical and procedural concerns. For example, as Plaintiff—a licensed attorney in the Commonwealth of Massachusetts and the Commonwealth of the Northern Mariana Islands—undoubtedly appreciates, her conduct impairs Defendants' counsel's ability to adhere to their ethical obligation to not communicate directly with parties represented by counsel. *See* Model Rules of Prof. Conduct R. 4.2 (Am. Bar Ass'n 1983) ("In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter . . . ."). In addition, should Plaintiff and her attorney have conflicting opinions or representations on a legal matter, whose opinion or representation controls? *See Barton*, 2023 WL 4546328, at *1 (citing *Landers v. State*, 550 S.W.2d 272, 280 (Tex. Crim. App. 1977)). And it appears dubious that Plaintiff would be able to function as both counsel and a party in this litigation given her apparent central role in the events underlying this matter and her resulting status as a necessary, material witness. *See* Model Rules of Prof. Conduct R. 3.7(a) (Am. Bar Ass'n 1983) ("A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness . . . ."); *cf. Law Offs. of Christy Lee, P.C. v. Rae*, No. 3:24-cv-00176-SLG, 2025 WL 1549065, at *2-5 (D. Alaska May 30, 2025) (analyzing motion to disqualify attorney from representing law office of which she was principal in employment dispute concerning former associate at law office under Alaska Rule of Professional Conduct 3.7).

Therefore, so long as Plaintiff continues to retain counsel, all activities in this proceeding must be conducted through counsel. Furthermore, any further filings by Plaintiff in her own right,

other than a filing noting withdrawal or substitution of counsel, may be summarily denied and warrant the imposition of sanctions. Plaintiff's Motion for a Limited Pro Se Representation (ECF No. 30) is accordingly DENIED.

### III.    REMAINING OUTSTANDING MOTIONS

The Court notes that the following motions remain pending before the Court:

- Plaintiff's Motion for Leave to Supplement the Record (ECF No. 22), filed October 1, 2025; and

- Plaintiff's Motion for Leave to Amend Plaintiff's Third Amended Complaint: Petition to Compel Arbitration (ECF No. 26), filed October 6, 2025.

The Court DENIES AS MOOT Plaintiff's Motion for Leave to Supplement the Record (ECF No. 22), as Plaintiff's Motion seeks to add additional exhibits in support of her jurisdictional allegations. Parties remain free to address Plaintiff's intended supplemental materials during jurisdictional discovery and any subsequent motions practice.

As to Plaintiff's Motion for Leave to Amend Plaintiff's Third Amended Complaint (ECF No. 26), in view of Defendants' consent to the Third Amended Complaint being the operative pleading, the Court DENIES AS MOOT Plaintiff's Motion for Leave. (*See* Order Granting Motion Seeking Approval of Stipulation, ECF No. 35.)

IT IS SO ORDERED this 5th day of December, 2025.

RAMONA V. MANGLONA
Chief Judge